IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | NO. 1:20-CR-00085-MLB-CCB |
| LAZAVIER WILLIAMS | ) | |
| _____ | ) | |

### **DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORADUM**

COMES NOW, Defendant, Lazavier Williams, by and through undersigned counsel and files this supplemental sentencing memorandum to raise an objection to the guideline range as calculated in the Presentence Report (PSR).[1]

### **The PSR Improperly Assigns Mr. Williams A Base Offense Level Of 22**

Under § 2K2.1(a)(3), a base offense level of 22 applies if the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant committed any part of the instant offense subsequent to sustaining one felony conviction for either a crime of violence or a controlled substance offense.

---

[1] Undersigned counsel acknowledges that this objection was not raised within 14 days of receiving the initial PSR or in counsel's initial sentencing memo on behalf of Mr. Williams. However, Rule 32 allows the Court, for good cause, to consider new objections at any time prior to the sentence being imposed. It recently came to counsel's attention that Judge Ray granted this very same objection last month. 1:20-cr-00099-WMR-JKL-3, Doc. 148 (N.D.Ga. October 7th, 2021). Counsel's PSR objections were submitted on September 17, 2021, prior to Judge Ray's recent ruling. Counsel asks the Court to consider this objection and understands that a continuance of the sentencing hearing may be necessary to give the government an opportunity to respond.

U.S.S.G. § 2K2.1(a)(3). While Mr. Williams concedes that this offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine, he argues that he does not have a prior conviction for a crime of violence or controlled substance offense. The PSR contends that Mr. Williams is subject to this enhanced base offense level because of his 2018 First Offender plea to Possession of Marijuana with Intent to Distribute, described in paragraph 32 of the PSR. (PSR at ¶¶ 18, 32). However, this First Offender plea does not constitute a "controlled substance offense" for the purposes of calculating his federal sentencing guidelines. As such, he does not have a qualifying prior conviction to warrant application of § 2K2.1(a)(3).[2]

Under the Sentencing Guidelines, a "controlled substance offense means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a

---

[2] As noted in his prior sentencing memo, Mr. Williams previously litigated a Motion to Dismiss based on the argument that he was not under felony indictment while serving a First Offender sentence and thus was not prohibited from receiving a firearm under 18 U.S.C. § 922(n). (Doc. 30, 45, 47, 49, 52, 54, and 55). That motion was ultimately denied by this Court. (Doc. 55). Mr. Williams' maintains his prior arguments regarding § 922(n) and thus maintains that he is not a prohibited person. If Mr. Williams was not a prohibited person at the time of this offense, his base offense level would be a 12 under U.S.S.G. § 2K2.1(a)(7). However, assuming this Court maintains its prior ruling that Mr. Williams was a prohibited person at the time of this offense, his base offense level would be a 20 under U.S.S.G. § 2K2.1(a)(4)(B).

controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The government bears the burden of proving that a prior state conviction qualifies as a "controlled substance offense" under the sentencing guidelines. *United States v. Hernandez*, 145 F.3d 1433, 1440 (11th Cir. 1998).

The sentencing court must apply the categorical approach to determine whether a state conviction qualifies as a "controlled substance offense" under the guidelines. *Hollis v. United States*, 958 F.3d 1120, 1123 (11th Cir. 2020) (citing *Shular v. United States*, 140 S. Ct. 779, 783 (2020)). Under this approach, a court will consider only the fact of the prior conviction and the elements of the offense, not the particular facts of the defendant's crime. *Id*. If the state prior conviction has the same elements as the federal definition, then it categorically qualifies as a predicate offense. *Id*. (citing *Descamps v. United States*, 570 U.S. 254, 260–61 (2013); *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014); *Shular*, 140 S. Ct. at 785–87).

Furthermore, "the elements of the state offense of conviction are locked in at the time of that conviction." *United States v. Williams*, 850 Fed. Appx. 393, at 399 (6th Cir. 2021) (unpublished) (citing *McNeill v. United States*, 563 U.S. 816, 820 (2011)); *see United States v. Abdulaziz*, 998 F.3d 519, 525–26 (1st Cir. 2021) ("That is why, consistent with the categorical approach, we look to the elements of the

Massachusetts law 'Marihuana' offense of which Abdulaziz was convicted in July 2014, as Massachusetts law described those elements at the time of that conviction to determine the characteristics of the offense underlying it.").

Prior to 2018, the federal definition of "marihuana" was:

> The term "marihuana" means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. Such term does not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

21 U.S.C. § 802(16). However, in the 2018 Farm Bill, Congress eliminated hemp from the definition of marijuana, and defined hemp for the first time. 21 U.S.C. § 802(16)(B)(i); 7 U.S.C. § 1639o(1). The bill was signed into law on December 20, 2018, and hemp is no longer a federally controlled substance. Now, the federal definition of "marijuana" is:

> (A) Subject to subparagraph (B), the term "marihuana" means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin.
>
> (B) The term "marihuana" does not include—
>
>     (i) hemp, as defined in section 1639o of Title 7; or

(ii) the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

21 U.S.C. § 802(16). And the definition of "hemp" is:

The term "hemp" means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.

7 U.S.C. § 1639o(1).

In his 2018 First Offender guilty plea, described in paragraph 32 of the PSR, Mr. Williams pleaded guilty to a violation of O.C.G.A. § 16-13-30. The version of the Georgia statute in effect at the time of the prior conviction provided: "It is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana."

O.C.G.A. § 16-13-30(j)(1) (2018).[3]

Until May 10, 2019, the state defined marijuana this way:

"Marijuana" means all parts of the plant of the genus Cannabis, whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture,

---

[3] Mr. Williams also pleaded guilty to possession of marijuana within a drug-free commercial zone, a violation of O.C.G.A. § 16-13-32.6 based upon the same conduct.

> or preparation of such plant, its seeds, or resin; but shall not include samples as described in subparagraph (P) of paragraph (3) of Code Section 16-13-25 and shall not include the completely defoliated mature stalks of such plant, fiber produced from such stalks, oil, or cake, or the completely sterilized samples of seeds of the plant which are incapable of germination.

O.C.G.A. § 16-13-21(16). This was the definition of marijuana that applied at the time of Mr. Williams 2018 First Offender guilty plea.

However, on May 10, 2019, in response to the federal 2018 Farm Bill, the state amended its definition of marijuana to exclude hemp:

> "Marijuana" means all parts of the plant of the genus Cannabis, whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin, but shall not include samples as described in subparagraph (P) of paragraph (3) of Code Section 16-13-25; shall not include the completely defoliated mature stalks of such plant, fiber produced from such stalks, oil, or cake, or the completely sterilized samples of seeds of the plant which are incapable of germination; *and shall not include hemp or hemp products as such terms are defined in Code Section 2-23-3*.

O.C.G.A. § 16-13-21(16) (emphasis added). Section 2-23-3 defines hemp, under state law, by reference to the federal definition of hemp. O.C.G.A. § 2-23-3(5). As such, under both federal law and state law, there has been a change in the law regarding marijuana.

A defendant's prior conviction counts for the purpose of applying an enhanced base offense level under § 2K2.1 if it is a state offense involving a "controlled substance." However, Mr. Williams's prior Georgia conviction

does not qualify because, applying the categorical approach, his 2018 conviction does not satisfy the sentencing guideline's criteria for a "controlled substance offense."

Notably, it is an important principle in the categorical approach that an offense does not qualify as a controlled substance offense unless the least serious conduct covered by the state statute at issue falls within the applicable federal definition. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–191 (2013) ("Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized." (internal alterations omitted); see also *Borden v. United States*, 141 S. Ct. 1817, 1832, 2021 WL 2367312, at *11 (U.S. June 10, 2021) (applying least serious-conduct standard in a criminal case and to the ACCA's violent felony definition). In this way, the categorical approach "is under-inclusive by design: It expects that some [marijuana-trafficking] acts, because charged under a law applying to non-[marijuana] conduct, will not trigger enhanced sentences." *Id*. In the end, a pre-2019 Georgia marijuana conviction "must be understood to be a conviction for possession with the intent to distribute hemp even though the record does not establish whether [the defendant] actually perpetrated that crime by possessing that substance." *Abdulaziz*, 998 F.3d at 522.

If the Court does not use current state controlled substance law as a comparison, but instead uses federal law, the prior 2018 First Offender guilty plea would not categorically qualify as a "controlled substance offense." To determine whether a prior state conviction is analogous to a federal offense, courts should look at the federal statute applicable at the time of the defendant's instant federal sentencing hearing. This approach—that the appropriate comparison is the current federal statute—is the position taken by the majority of circuits who have considered this issue.

> At federal sentencing, the district judge was required to compare the elements of the state crime as they existed when [the defendant] was convicted of that offense to those of the crime as defined in federal law at the time of federal sentencing—that is, after the Agriculture Improvement Act removed hemp from the federal drug schedule.

*United States v. Bautista*, 989 F.3d 698, 705 (9th Cir. 2021) (holding that, because the defendant's prior state conviction was overly broad when compared to the current federal Controlled Substances Act, it was not a "controlled substance offense" under the guidelines, and the district court erred in applying an enhancement). See also *United States v. Townsend*, 897 F.3d 66, 71 (2d Cir. 2018) ("[A] "controlled substance" under § 4B1.2(b) must refer exclusively to those drugs listed under federal law—that is, the CSA."); *United States v. Gomez-Alvarez*, 781 F.3d 787, 793–94 (5th Cir. 2015);. *Williams*, 850 Fed. Appx. at 396 (6th Cir. 2021); *United States v. Ramos*, 814

F.3d 910, 919 (8th Cir. 2016); *United States v. Abdeljawad*, 794 Fed. Appx. 745, 748 (10th Cir. 2019) ("The legal definition of 'controlled substance' comes from the Controlled Substances Act. 21 U.S.C. § 802(6)"); *United States v. Martinez*, 232 F.3d 728, 732 (9th Cir. 2000) (reasoning that "a federal sentencing enhancement provision" of the guidelines should be "interpreted according to a uniform, national definition, not dependent upon the vagaries of state law").

The Georgia and federal definitions of marijuana are a mismatch under the categorical approach. The relevant state definition is more expansive than the federal definition in three ways. First, at the time of the state conviction, Georgia law included hemp in its definition of marijuana, but the current federal government does not. Second, the state defines marijuana as any plant in the Cannabis genus, yet the federal government's definition is limited to a single species within that genus, *Cannabis sativa L.*, so Georgia's taxonomy is wider. Third, the two definitions offer disparate treatments of the plant's "mature stalks." Because Georgia's statute is broader and encompasses more conduct than does the statute enacted by Congress, such a conviction is categorically excluded from the guidelines' rosters of drug predicates.

Looking specifically at prior state marijuana convictions, several circuits have held that convictions based on state statutes that are broader than

the federal definition cannot be the basis for a guidelines enhancement. The Ninth Circuit recently held that Arizona's definition of marijuana, like Georgia's, was broader than the federal definition, so the Arizona conviction "was not a conviction for a 'controlled substance offense' under § 4B1.2(b) of the U.S. Sentencing Guidelines." *Bautista*, 989 F.3d at 701 (9th Cir. 2021). In 2017, Bautista was convicted of "Attempted Unlawful Transportation of Marijuana for Sale" in Arizona. *Id*. at 705. At the time, "Arizona's law contain[ed] no textual exclusion for hemp or for cannabis plants of a low THC concentration." Id. Before Bautista's federal sentencing, the 2018 Farm Bill created the carve-out for hemp in the federal definition of marijuana. *Id*. at 701, 704. Because of this mismatch, the state conviction was categorically for conduct broader than federal law, so it was not a controlled substance offense under the Guidelines. *Id*. at 701.

The Sixth Circuit agrees: The federal government's removal of hemp from its marijuana definition renders state marijuana laws without a hemp exception categorically overbroad. *Williams*, 850 Fed. Appx. at 396-4001 (unpublished). Williams was convicted of possession of marijuana in Tennessee in 2015 when that state's law included hemp in the definition of marijuana. Id. at 398. Because Williams's Tennessee conviction could have

been for possession of hemp, "[t]he district court erred by incorrectly counting it as a 'controlled substance offense." *Id*. at 4001.

More recently, the First Circuit held that a Massachusetts conviction for possession with intent to distribute marijuana must not be counted as a prior controlled substance offense under the felon-in-possession sentencing guideline, U.S.S.G. § 2K2.1(a)(2). *Abdulaziz*, 998 F.3d at 523-24.

Although the majority of circuits adopt the view that determining whether a prior state conviction is a "controlled substance offense" requires comparing the statute of conviction with the current federal statute, there is a circuit split, with the Second and Fourth Circuits concluding that courts are not required to compare the state statute to the federal definitions. However, as discussed above, in this case the outcome is the same, because even without looking to federal definitions, but instead comparing the state statute applicable in 2018 and the current Georgia statute, Mr. Williams's prior conviction does not constitute a "controlled substance offense" for the purposes of the sentencing guidelines.

Because conviction under the prior version of the Georgia state marijuana statute is broader than a marijuana offense under either current state or federal statutes, Mr. Williams's prior conviction does not categorically qualify as a "controlled substance offense" under the Guidelines. As such, he

does not have a qualifying predicate offense for an enhanced offense level under § 2K2.1, and his objection should be sustained.

## Conclusion

Mr. Williams asks this Court to sustain his objection and to sentence him to 30 months of incarceration.

Dated: This 15th day of November, 2021.

Respectfully submitted,

*/s/ Caitlyn Wade*
State Bar No. 259114
Attorney for Mr. Williams

FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
Caitlyn_Wade@fd.org